# UNITED STATES DISTRICT COURT
for the
_____ District of _____

_____ Division

Blake A. Jones

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Oakland County Sheriffs Office

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 2:25-cv-10938
Judge: Leitman, Matthew F.
MJ: Altman, Kimberly G.
Filed: 04-01-2025
CMP Blake A. Jones vs. Oakland County Sheriffs Office (tt)

Jury Trial: *(check one)*  ☐ Yes  ☑ No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Blake A. Jones |
   | Street Address | 7020 Orchard Lake Unit 206 |
   | City and County | West Bloomfield |
   | State and Zip Code | Michigan 48322 |
   | Telephone Number | +16574046017 |
   | E-mail Address | Bjon253@lsu.edu |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
- Name: Oakland County Sheriffs Office
- Job or Title (if known):
- Street Address: 1200 N. Telegraph Unit 38E
- City and County: Pontiac
- State and Zip Code: Michigan 48341
- Telephone Number:
- E-mail Address (if known):

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
4th amendment violation.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
    and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

          The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

          Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
35,000,000.00 for emotional distress / psychological abuse.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached order and opinion.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

$35,000,000.00 for emotional distress, psychological abuse, relocation, private security.
Return of all properties.
Exoneration of South Carolina case.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

### V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

#### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    04/01/2021

Signature of Plaintiff     s/ Blake A. Jones
Printed Name of Plaintiff  Blake A Jones

#### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

PEOPLE of the State of Michigan,

    Plaintiff,

-v-

                                      Case Number **2024-290875-FH**
                                      Honorable Nanci J. Grant

JONES, Blake, Allanta,

    Defendant,

---

**OPINION AND ORDER**

At a session of said Court, held in the Courthouse in the City of Pontiac, County of Oakland, State of Michigan on 21st day of November 2024,

PRESENT:   <u>HONORABLE NANCI J. GRANT</u>

This matter is before the Court on Defendant's Motion to Quash the Bindover. Defendant was charged with one count of Fleeing and Eluding 3rd Degree and one count of Carrying a Concealed Weapon. Defendant argues the District Court erred in binding this matter over for trial because the People failed to establish probable cause during the preliminary examination. Specifically, Defendant alleges the People failed to establish the police officer was acting lawfully in approaching Defendant's vehicle and detaining him in the first place. The People oppose the Motion. The Court waives oral argument pursuant to MCR 2.119(E)(3)[1] and grants the Motion for the reasons outlined below.

---

[1] MCR 2.119(E)(3) provides courts with discretion to dispense with or limit oral argument and to require briefing. The Michigan Court Rules clearly and unambiguously set the time for asserting and raising arguments, and legal authorities to be in the briefing—not to be raised and argued for the first time at oral argument. Therefore, both parties have been afforded due process as they each had notice of the arguments and an opportunity to be heard by responding in writing, and this Court has considered the submissions to be fully apprised of the parties' positions before ruling. Because due process simply requires parties to have a meaningful opportunity to know and respond to the arguments and submissions which has occurred here, the parties have received due process.

1

## Facts/Analysis

The 50th District Court held a preliminary examination in this matter. Sergeant Todd Hunt of the Oakland County Sheriff's Office was the sole witness. Sgt. Hunt testified he was dispatched to 80 Hubbard Court in Pontiac because a caller reported a suspicious vehicle that had been parked in front of his residence for "three or four hours." Sgt. Hunt arrived on scene and observed a vehicle matching the caller's description parked legally on the street. Sgt. Hunt noticed the driver was sitting inside the parked vehicle.

Sgt. Hunt approached the vehicle and spoke with the driver, identified as Defendant. Defendant produced his driver's license and Sgt. Hunt asked Defendant what he was doing there. Defendant told him he was waiting for his brother. Defendant's vehicle had a valid plate and valid registration. The People appear to concede Sgt. Hunt did not observe Defendant committing a traffic infraction. While speaking with Defendant, Sgt. Hunt asked him if he had a weapon, to which Defendant replied, "What if I do?" Sgt. Hunt then asked Defendant to exit the vehicle. During the preliminary examination, Sgt. Hunt testified that he asked Defendant out of the vehicle because Defendant appeared "nervous," and because it looked like he was wearing a bullet proof vest.

Defendant did not comply with the request, and instead fled the scene. Sgt. Hunt began pursuing Defendant. During the pursuit, Defendant ran a red light and exceeded the residential speed limit, ultimately approaching speeds of 80-90 mph. Sgt. Hunt testified he had activated his lights and sirens during the entirety of the pursuit. The pursuit was terminated due to excessive speeds and eventually Defendant was detained by Michigan State Police (MSP). MSP located a handgun in Defendant's vehicle during his arrest. Defendant had a mental health order entered in LEIN at the time, which prohibited him from carrying a weapon.

## Analysis

The elements of Fleeing and Eluding 3rd Degree are as follows: 1) a police officer was in uniform and was performing his lawful duties and that any vehicle driven by the officer was identified as a law enforcement vehicle; 2) that the defendant was driving a motor vehicle; 3) that the officer ordered that the defendant stop his vehicle; 4) that the defendant knew of the order; 5) that the defendant refused to obey the order by trying to flee or avoid being caught and 6) that some portion of the violation took place in an area where the speed limit was 35 miles per hour

or less as posted as a matter of law. See M Crim JI 13.6c; see also *People v Grayer*, 235 Mich App 737, 741 (1999).

The Court must examine whether Sgt. Hunt's order for Defendant to exit the vehicle was lawful in the first place because the lawfulness of a police officer's actions is an element of Fleeing and Eluding. *People v Prude*, ___ Mich ___ (2024).

The police are permitted to stop and briefly detain a person based on reasonable suspicion that criminal activity may be afoot. *Terry v Ohio*, 392 US 1, 30-31 (1968). A police officer may approach and temporarily detain a person for the purpose of investigating possible criminal behavior even though there is no probable cause to support an arrest. *People v Jenkins*, 472 Mich 26, 32 (2005).

For an investigatory stop to be reasonable, the police must have a particularized suspicion, based upon an objective observation that the person that they are stopping has been, is, or is about to be engaged in a crime. *Brown v Texas*, 443 US 47, 51 (1979); *People v Champion*, 452 Mich 92 (1996). The particularized and articulable suspicion must be based upon the totality of the circumstances. *United States v Cortez*, 449 US 411, 417-18 (1981). A police officer is required to articulate how the behavior he observed suggested an inference of criminal activity. *People v LoCicero (After Remand)*, 453 Mich 496, 505-06 (1996).

During the preliminary examination Sgt. Hunt testified he approached Defendant and noticed Defendant was "nervous." Defendant had been observed sitting in the parked vehicle for more than three hours. Sgt. Hunt observed Defendant wearing what he thought to be a bullet proof vest. There was no evidence of a traffic violation, and Defendant's plates and registration were valid. The Court finds the People's reliance on *Pennsylvania v Mimms*, 434 US 106 (1977) to be misplaced. In *Mimms*, the U.S. Supreme Court held police officers do not violate the Fourth Amendment by ordering the driver out of a vehicle *during the course of a traffic violation*. Specifically, "once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violation the Fourth Amendment..." *Id*.

*Mimms* is inapplicable because there was no traffic violation. Sgt. Hunt's only justification for asking Defendant to step out of the vehicle was that Defendant appeared "nervous" and because he thought he may have been wearing a bullet proof vest. The Court finds this insufficient to support the continuation of the stop and the request for Defendant to step out of the vehicle. See *People v Maggit*, 319 Mich App 375, 692 (2017)(the scope of any search

or seizure must be limited to that which is necessary to quickly confirm or dispel the officer's suspicion).

Critically, the People provided no other caselaw on point, aside from *Mimms*, to support their argument[2]. Judges "are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v Nadell*, 481 Mich 377, 388 (2008).

The Court reviews a district court's decision granting or denying a motion to bind over for an abuse of discretion. *People v Yamat*, 475 Mich 49, 52 (2006). An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes. *People v Terrell*, 289 Mich App 553, 558-559 (2010). A preliminary examination "…has a dual function, i.e., to determine whether a felony was committed and whether there is probable cause to believe that the defendant committed it." *People v Yost*, 468 Mich 122, 125-126 (2003). Critically, "evidence regarding each element of the crime charged or evidence from which the elements may be inferred" must be established in order to bind over a defendant. *People v Hudson*, 241 Mich App 268, 278 (2000).

The Court finds the People failed to demonstrate that Officer Hunt's request for Defendant to step out of the vehicle was lawful. Lawfulness of police actions is a necessary element to Fleeing and Eluding, Third Degree. See *Grayer*, supra. Because the Court finds Officer Hunt was acting unlawfully in his request for Defendant to step from the vehicle, evidence of the firearm found in Defendant's vehicle following his arrest is hereby suppressed, on the Court's own Motion, as fruit of the poisonous tree. See *Wong Sun v United States*, 371 US 471 (1963).

As a result of the Court's ruling, Defendant's charges are dismissed with prejudice.

This is a final Order and closes the case.

IT IS SO ORDERED.

*Nanci J. Grant*
NANCI J. GRANT, Circuit Court Judge     SA

---

[2] The People failed to attach a brief in support of their Response.

4

**PROOF OF SERVICE**

I certify that a copy of the above instrument was served upon the attorneys/parties of record in the above case via the Oakland County e-file system on 11/20/2024.

/s/ Brenda J. Beiter
Judicial Assistant to the Hon. Nanci J. Grant

**INCIDENT/INVESTIGATION REPORT**

Police Department

Case # 190504-0234

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown

| INR | Status | Quantity | Type Measure | Suspected Type | |
|---|---|---|---|---|---|
| | | | | | |

DRUGS

Assisting Officers

Suspect Hate / Bias Motivated:

**NARRATIVE**

A/ NO ARREST

S/ OBSERVATION FROM STATION PARKING LOT

C/ ON 05/04/19 AT APROX 1500 I WAS SITTING IN MY SCOUT CAR IN THE NINTH PRECINCT PARKING LOT AT 11187 GRATIOT. I WAS GETTING READY TO HEAD INTO THE STATION WHEN I OBS. THE ABV LISTED SUBJECT DRIVING N/B ON THE SIDEWALK PARALLEL TO GRATIOT ON A GRAY AND BLACK MOUNTAIN BIKE. I OBS HIM TO BE WEARING A BLK HELMENT WITH FACE GUARD AND ALL BLK CLOTHING. I FURTHER OBS A LARGE BLACK (PISTOL/RIFLE) MAGAZINE STICKING OUT OF THE RIGHT SIDE OF HIS JACKET. THE SUBJECT THEN TURNED E/B AND DROVE ACROSS GRATIOT CONT E/B KILBOURNE. I OBS HIM PASS ON UNK BLACK MALE WHO LOOKED AT HIM AND THEN QUICKLY WALKED AWAY AS IF HE WAS SCARED. THE SUBJECT CONT E/B UNTIL I WAS ABLE TO INVESTIGATE HIM JUST WEST OF 12075 KILBOURNE. I ORDERED HIM TO STOP AND PUT HIS HANDS UP HE THEN LOWERED HIS RIGHT HAND AS IF TO CONCEAL THE MAGAZINE/PISTOL BUT THEN QUICKLY RAISED HIS HANDS. I ASKED IF HE HAD A CPL PERMIT AS I WAS HANDCUFFING HIM FOR MY SAFETY. HE STATED HE DID I THEN RECOVERED A SIG SAUER RATTLER ASSAULT PISTOL 300 CAL SERIAL# 63F026465 ON EVIDENCE TAG# 1905040234.1) WITH A THIRTY ROUND MAGAZINE IN IT. P.O. CRENSHAW RECOVERED A GLOCK MODEL 23 PISTOL .40 CAL # SDP9060 ON EVIDENCE TAG # 1905040234.2) WITH A 15 ROUND MAGAZINE IN IT. P.O. CRENSHAW ALSO CHECKED THE SUBJECTS WALLET AND FOUND HIS CPL CARD (#706962E), AND A FAKE I.D. (EVIDENCE TAG # 1905040234.5) THAT APPEARED TO BE PRINTED OVER A MICHIGAN DRIVERS LIC. THAT I.D. SAID UNITED STATES ARMED FORCES IT HAD A PICTURE OF THE SUBJECT ON IT AND IT SAID "AMERICAN TALIBAN" THE SUBJECT SAID HE WAS HEAVILY ARMED BECAUSE HE WAS A MARINE AND A DRUG CARTEL WAS TRYING TO KILL HIM. THE SUBJECT DID NOT HAVE A MILITARY I.D AND I WAS UNABLE TO VERIFY IF HE WAS EVER IN THE MILITARY. I CONT. TO TALK TO HIM AND HE FURTHER STATED HE WAS CONTRACTED BY THE MILITARY TO WORK WITHIN THE UNITED STATES. HIS STORIES DID NOT APPEAR TO MAKE ANY SENSE. HIS CPL WAS RAN IN L.E.I.N. AND IT WAS VALID. HIS NAME ALSO CAME BACK NIL L.E.I.N.. SGT. BURTON 9-71 MADE THE LOCATION AND IT WAS DETERMINED THAT THE WEAPONS WOULD BE PLACED ON SAFEKEEPING AND THE FAKE ID WOULD BE PLACED ON EVIDENCE. IT WAS ALSO DETERMINED THE SUBJECT DID NOT NEED TO BE COMMITED FOR A PSYCH EXAM BUT WAS NOT IN THE RIGHT FRAME OF MIND TO KEEP THE WEAPONS. I ALSO RECOVERED (3) ADD. MAGAZINES ALL CONTAING 30 ROUNDS OF 300 MAG ROUNDS FOR THE SIG AND (EVIDENCE TAG#1905040234.4) (4) GLOCK MAGAZINES ALL CONT. 13 ROUNDS (EVIDENCE TAG # 1905040234.3.

O/ ABV FACTS

T/SEE PROPERTY

R_CS2IBR      By: ALIE734. 05/31/19 10:50:1      Page 2